PEOPLE, PLAINTIFF AND APPELLEE, *v.* SANDERS, PHILIPPI & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of Act No. 24 of 1917.

No. 1560.—Decided May 23, 1921.

APPEAL—PLEADING—DEMURRER—OBJECTIONS.—The Supreme Court will not consider objections to a ruling of the court below on a demurrer interposed during the trial and based on failure to ·comply with the requirements of sections 71, 72 and 73 of the Code of Criminal Procedure and subdivision 1 of section 153 of the Penal Code, and on the ground that more than one offense is charged.

ID.—EVIDENCE.—In accordance with subdivision 9 of section 69 of the Law of Evidence, a certificate issued by the deputy collector of customs of San Juan is admissible at the trial of a prosecution for violation of Act No. 24 of 1917 to show that the defendants made certain shipments of coffee to foreign countries on certain dates.

ID.—ID.—It having been proved that a firm failed to enter in the book required

to be kept by Act No. 24 of 1917 certain shipments of coffee made to Cuba and Spain on certain dates, it is necessary to conclude that the guilt of the defendants was sufficiently established.

Id.—The fact that the evidence showed that the defendants had on more than one occasion committed the offense of which they were convicted can not justify a reversal of the judgment.

The facts are stated in the opinion.

*Mr. J. B. García Méndez* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Sanders, Philippi & Company were charged on February 14, 1920, with violating section 5 of Act No. 24 of November 23, 1917, in that they failed to enter in the book kept for that purpose the exportations of coffee made by them during some months prior to the date of the complaint. They were convicted and took the present appeal.

The object of that Act is to guarantee the origin of coffee exported from this Island by the use of certain stamps to be affixed to the containers of the coffee to be exported, and it provides that every person referred to therein shall keep a book wherein he shall clearly enter the same facts as are required in the application for stamps made to the collector or deputy collector of internal revenue of the municipality from which the exportation is to be made.

Of the three grounds alleged by the appellants in support of a reversal of the judgment from which they have appealed, the first is that the trial court erred in overruling the demurrer to the complaint on the ground that it did not comply with the requirements of sections 71, 72 and 73 of the Code of Criminal Procedure, nor with subdivision 1 of section 153 of the Penal Code, and that it charged more than one offense, but as the demurrer was interposed on the day of the trial, we should not consider it, as was held in the cases of *People* v. *Parés,* 25 P. R. R. 103; *People* v. *Rosaly,* 28 P. R. R. 438, and *People* v. *González,* 28 P. R. R. 735.

In the second assignment of error the appellants com-

plain of the improper admission in evidence at the trial of a certificate issued by the deputy collector of customs of San Juan to the effect that the appellants made shipments of coffee to Cuba and Spain in the months of November and December, 1919, they understanding that the deputy collector should have been called as a witness and required to bring his books. This was not necessary and the certificate was admissible because subdivision 9 of section 69 of the Law of Evidence provides that documents in the departments of the United States Government may be proved by the certificate of the legal custodian thereof, and the Custom House is one of such departments.

The third ground is that the trial court erred in overruling the motion of the appellants for acquittal because the prosecution had not produced sufficient evidence to support a judgment of conviction.

At the trial it was proved that the appellants keep the book ordered by section 5 of the Act in which to enter shipments of coffee made to foreign countries, but that they failed to enter therein the shipments of coffee made by them to Cuba and Spain in November and December, 1919; therefore we can not hold that there was no proof of the offense charged, and the fact that another internal revenue agent who inspected the book failed to notice the omission of such entries is no defense.

As to whether the evidence shows that more than one offense was charged, although it is true that the omission of two entries was proved and that each omission constitutes an offense, yet as the defendants made no objection to the complaint before the trial, they waived that objection (14 R. C. L. 203) and can not now raise that question on appeal nor complain, because they were convicted and sentenced as if they had committed only one offense.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro and Hutchison concurred.

Mr. Justice Wolf dissented.